IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KENDRICK DANE SELLERS,

                Plaintiff,

  v.

HONORABLE JUDGE JILL KAROFSKY,
BETH BOXWELL, MICHAEL AALTO,
PHILIP S. MERGEN, LUIS CUEVAS,
LEONARD KACHINSKY, and U.S.
DEPARTMENT OF JUSTICE,

                Defendants.

OPINION and ORDER

22-cv-656-wmc[1]

---

    Pro se plaintiff Kendrick Dane Sellers is incarcerated at Oshkosh Correctional Institution. Sellers alleges that defendants violated his constitutional rights in various ways during a state-court criminal proceeding. He seeks leave to proceed in forma pauperis, and he has made an initial partial payment of the filing fee.

    Sellers has filed a complaint and a supplement. Dkt. 1, 6. I will screen the allegations together and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. §§ 1915, 1915A. In doing so, I must accept the allegations as true and construe the complaint generously, holding it to a less stringent standard than formal pleadings drafted by lawyers. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I conclude that this case must be dismissed.[2]

---

[1] I am exercising jurisdiction over this case for purposes of this screening order only.

[2] Sellers has also filed a motion for counsel, Dkt. 5, which I will deny as moot.

ALLEGATIONS OF FACT

Publicly available state court records show that Sellers pled guilty to two felony charges in Dane County Circuit Court in 2019.[3] Sellers contends that Judge Jill Karofsky sentenced him to 28 years "with[out] having jurisdiction." Dkt. 1 at 2. Sellers also contends that one of his criminal defense attorneys, Luis Cuevas, "had Sellers give up his rights even though they were being violated." *Id.* One of Sellers's other attorneys, Leonard Kachinsky, "lied to [him] about federal agents not having to comply with subpoenas." *Id.* And Philip S. Mergen, a public defender investigator, "knew [Sellers's] rights were being violated but would not inform the court." *Id.*

Sellers says the United States Department of Justice would not allow its agents to testify in his defense and its agents "used coercion to have [him] abdicate his constitutional rights." Dkt. 6 at 1. Sellers also says that ATF Special Agent Michael Aalto "wouldn't cooperate with [Sellers's] investigation" and Special Agent Beth Boxwell "threatened Sellers's safety" to dissuade him from taking his case to trial and calling her to testify for the defense. Dkt. 1 at 2.

Sellers does not want "to negate his sentence or imply that it should be abrogated." Dkt. 6. But he seeks damages, and to have his pleas "thrown out" and a declaration that Judge Karofsky "violated [his] rights." Dkt. 1 at 4.

---

[3] Wisconsin circuit court case information is publicly available online through the Wisconsin Circuit Court Access program, https://wcca.wicourts.gov. Sellers entered guilty pleas in Dane County Case Nos. 2017CF2320 and 2018CF1321.

ANALYSIS

Sellers's complaint indicates that he is suing defendants under federal law for violating his rights during his state-court criminal proceedings. But this court does not have the authority to overturn Sellers's state-court pleas in this civil rights suit.

I must also dismiss Sellers's damages claims. A federal civil rights suit "cannot be used to seek damages under a theory that implies the invalidity of a standing criminal conviction." *Raney v. Wisconsin*, No. 21-1863, 2022 WL 110276, at *2 (7th Cir. Jan. 12, 2022) (citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). "Congress . . . has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (citations and internal quotation marks omitted). Regardless of the availability of habeas relief, *Heck* controls the outcome where a § 1983 claim implies the invalidity of the conviction or the sentence. *Savory v. Cannon*, 947 F.3d 498, 431 (7th Cir. 2020). Sellers says that he does not want to "negate his sentence," Dkt. 6, but declaring that a state court judge violated his rights and overturning his pleas would necessarily impugn the validity of his convictions and sentence. Sellers may not seek relief in a civil rights lawsuit unless he first obtains relief from his convictions, and he has not alleged that a state or federal court has invalidated his convictions or confinement.

Even if the complaint was not *Heck*-barred, there are other problems with this lawsuit. Section 1983 allows a plaintiff to sue state actors for violating his civil rights, not a federal agency like the Department of Justice, or federal agents. Constitutional-violation claims against federal employees for money damages are authorized in limited circumstances under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). However,

Sellers's allegations concerning federal agents Aalto and Boxwell, and public defender investigator Mergen for that matter, are conclusory and vague, which has complicated my ability to discern Sellers's claims. And the complaint thus fails to provide these defendants sufficient notice of what Sellers believes they have done to violate his rights.

Sellers would also sue the sentencing judge, but judges are entitled to absolute immunity when the challenged actions are "judicial in nature," such as crafting and imposing a sentence. *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 354 (1978). To the extent Sellers is alleging that the presiding judge had no jurisdiction, he does not explain why. Sellers cannot sue the judge for her rulings in his state-court criminal cases.

As for his own attorneys, Kachinsky and Cuevas, "a lawyer is not a state actor when he performs the traditional function of counsel to a defendant in a criminal case." *Walton v. Neslund*, 248 F. App'x 733, 733 (7th Cir. 2007) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981); *Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998)). Sellers alleges that he received ineffective assistance of counsel, but a plaintiff seeking to make that argument must bring a petition for habeas corpus under 28 U.S.C. § 2254. *See, e.g.*, *Scott v. Evers*, No. 20-CV-1839-PP, 2021 WL 872170, at *2 (E.D. Wis. Mar. 9, 2021) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973) ("A plaintiff . . . arguing that his criminal defense counsel provided ineffective assistance must bring a petition for habeas corpus under 28 U.S.C. § 2254, not a civil lawsuit

under § 1983.")). I cannot convert this action into one for habeas corpus. *See Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996) ("The district court was not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages . . . for litigants"). And any habeas petition would have to be dismissed unless Sellers could show that he had presented his claims to the Wisconsin courts and had been denied relief at the trial and appellate levels, 28 U.S.C. § 2254(b)(1)(A), or that there is no state corrective process available to him, § 2254(b)(1)(B).

I will dismiss Sellers's claims in this lawsuit without prejudice. *See Copus*, 96 F.3d at 1039 ("[w]hen a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice"). If Sellers successfully challenges the decisions related to his convictions and sentence in the Wisconsin state courts or through a federal post-conviction proceeding, then he may be able to pursue relief in a civil rights lawsuit.

## ORDER

IT IS ORDERED that:

1. Plaintiff Kendrick Dane Sellers's complaint is DISMISSED without prejudice.
2. Plaintiff's motion for assistance in recruiting counsel, Dkt. 5, is DENIED as moot.
3. The clerk of court is directed to enter judgment and close this case.

Entered January 11, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge